**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

CA 08 97S

FRANKLIN SOLANO
Plaintiff
v.

CITY OF PROVIDENCE, through its Treasurer, Stephen T. Napolitano; PROVIDENCE POLICE DEPARTMENT; DEAN ESSERMAN as Chief of the Providence Police Department; JAMES ANNIS, Individually and in his official Capacity; and KENNETH WIGGINTON, Individually and in his official capacity
Defendants

**CIVIL RIGHTS COMPLAINT**
**(42 U.S.C. § 1983)**

Civil Action No. _________

**Plaintiff demands jury trial**

# COMPLAINT

## A. JURISDICTION and PARTIES

1. Jurisdiction is proper in this court according to 28 U.S.C. § 1343, 42 U.S.C. §1983 and 42 U.S.C. §1985.

2. The Plaintiff, Franklin Solano, is a resident of Central Falls, County of Providence, in the State of Rhode Island.

3. The Defendant, the City of Providence, is a duly authorized and organized municipality pursuant to the laws of the State of Rhode Island and is sued by and through its Treasurer, Stephen T. Napolitano.

4. The Defendant, the Providence Police Department, is a department of the City of Providence, located at One Communications Place, Providence, Rhode Island.

5. The Defendant, Dean Esserman, was at all times pertinent hereto, the Chief of the Providence Police Department, with a business address of One Communications Place, Providence, Rhode Island. Defendant Esserman is being sued in his official capacity as Chief of Police of the City of Providence.

6. Upon information and belief, Defendant James Annis is a citizen of the State of Rhode Island and, at all times pertinent hereto, was a member of the Providence Police Department. Defendant Annis is being sued individually and in his official capacity as a Providence police officer.

7. Upon information and belief, Defendant Kenneth Wigginton is a citizen of the State of Rhode Island and, at all times pertinent hereto, was a member of the Providence Police Department. Defendant Wigginton is being sued individually and in his official capacity as a Providence police officer.

8. At all times pertinent hereto, Defendants Esserman, in his capacity as Chief of the Providence Police Department, Annis, in his capacity as a member of the Providence Police Department, and Wigginton, as a member of the Providence Police Department, were acting under the authority of the City of Providence and under color of state law.

## B. FACTUAL BACKGROUND

9. On or about March 19, 2005, at approximately 2:00 a.m., the Plaintiff, along with his wife and a friend, had just ordered fast food from a "Chimmi" truck parked on Broad Street.

10. Upon information and belief, the Providence Police Department, in an effort to "crack down" on the sale of food from a food truck after 2:00 a.m., and as a matter of policy, assigned several uniformed police officers to this same area of Broad Street for the purpose of shutting down these trucks and dispersing any patrons of said trucks.

11. After Plaintiff's food had been ordered, but prior to the food having been served to the Plaintiff, Defendant Annis, on duty as a Providence police officer, loudly and sternly ordered people on the sidewalk, including the Plaintiff and his companions, to move away from the Chimmi truck.

12. The Plaintiff advised Defendant Annis that he was waiting for the food he had just ordered, at which time Defendant Annis yelled once again to the Plaintiff and others to move down the street. Plaintiff requested information from Defendant Annis as to why they had to leave and was given no explanation other than a statement by Annis, "Because I said so."

13. Despite having ordered for his food from the Chimmi truck, the Plaintiff, his wife and friend, began to move down the street in accordance with the orders of Defendant Annis. As Plaintiff was walking away from Defendant Annis, he made a remark about Defendant's Annis' demeanor to his wife.

14. Defendant Annis thereafter approached the Plaintiff and demanded for Plaintiff to repeat what he had said to his wife. Plaintiff did not respond to this command but continued to leave the area as he had been ordered by Defendant Annis.

15. As Plaintiff walked away, Defendant Annis, with Defendant Wigginton standing nearby, pushed Plaintiff from the back, shoved him against a car, and began to search the person of the Plaintiff. Defendant Annis thereafter grabbed Plaintiff's hands, pulled them behind his back and threw Plaintiff to the ground, forcing and rubbing Plaintiff's face into the pavement and causing injury to the Plaintiff. Thereafter, although Plaintiff was immobile on the ground, Defendant Annis sprayed pepper spray into Plaintiff's face and eyes.

16. Defendant Annis thereafter placed Plaintiff under arrest and brought him to the Providence Police Station, where he was required to spend the night. Defendant Annis also ignored Plaintiff's request for medical treatment for the injuries sustained at the time of his arrest.

17. Plaintiff was subsequently charged with one count of disorderly conduct and one count of resisting arrest. A trial was held in the Sixth Division District Court in August 2005, at which time the Court acquitted Plaintiff of all charges.

18. Plaintiff thereafter filed a Civilian Complaint against Defendants Annis and Wigginton with the Providence Police Department. The hearing officer, a Providence Police officer, ruled in favor of Defendants Annis and Wigginton in August 2007. This ruling was adopted by the Defendant, Chief Dean Esserman.

19. On or about April 4, 2006, the Plaintiff sent notice to the Providence City Council, pursuant to R.I. General Laws § 45-15-05, of its claim for damages against the City based on the actions of the Defendant officers.

## C. CAUSES OF ACTION

### Count I
**(Civil Rights Violation against Defendant Annis pursuant to 42 U.S.C. §1983)**

20. The Plaintiff repeats and realleges Paragraphs 1 through 19 of the Complaint as if each had been more fully set forth herein.

21. The actions of Defendant Annis were undertaken with the authority of the City of Providence and the Providence Police Department, as part of the policy of Defendant Esserman, and under color of state law.

22. The actions of the Defendant Annis deprived the Plaintiff of his rights, privileges and immunities under the Fourteenth Amendment of the United States Constitution, causing him to be falsely arrested and deprived of his liberty, maliciously prosecuted, to be subjected to excessive force at the hands

of Defendant Annis and further causing him both personal injury and economic harm.

**<u>Count II</u>**
**(Civil Rights Violation against Defendants City of Providence, Providence Police Department, and Police Chief Dean Esserman pursuant to 42 U.S.C. §1983)**

23. The Plaintiff repeats and realleges Paragraphs 1 through 22 of the Complaint as if each had been more fully set forth herein.

24. The actions of Defendant Annis and Wigginton were undertaken with the authority of the City of Providence and the Providence Police Department, as part of the policy of Defendant Esserman, and under color of state law.

25. The actions of the Defendants deprived the Plaintiff of his rights, privileges and immunities under the Fourteenth Amendment of the United States Constitution, causing him to be falsely arrested and deprived of his liberty, maliciously prosecuted, to be subjected to excessive force at the hands of Defendant Annis and further causing him both personal injury and economic harm.

**<u>Count III</u>**
**(Civil Rights Violation against Defendants Annis and Wigginton pursuant to 42 U.S.C. § 1985)**

26. The Plaintiff repeats and realleges Paragraphs 1 through 25 of the Complaint as if each had been more fully set forth herein.

27. Defendants Annis and Wigginton, by their actions on March 19, 2005 and thereafter, conspired to deprive the Plaintiff of the equal protection of the laws, and of the equal privileges and immunities under the law to which the Plaintiff was entitled under the United States and Rhode Island Constitutions, all in violation of 42 U.S.C. § 1985.

28. As a direct and proximate result of the conspiracy of the Defendants, the Plaintiff was deprived of his liberty, falsely arrested, maliciously prosecuted, subjected to excessive force and suffered severe personal and economic injury.

**Count IV**
**(False Arrest against Defendants Annis and Wigginton)**

29. The Plaintiff repeats and realleges Paragraphs 1 through 28 of the Complaint as if each had been more fully set forth herein.

30. At the time the Plaintiff was arrested, the Defendants had actual knowledge that he had not committed the crime for which they placed him under arrest.

31. As a direct and proximate result of the false arrest by Defendants Annis and Wigginton, the Plaintiff was incarcerated overnight, was deprived of medical treatment and was caused to suffer severe personal and economic injury.

**Count V**
**(Malicious Prosecution against Defendants Annis and Wigginton)**

32. The Plaintiff repeats and realleges Paragraphs 1 through 31 of the Complaint as if each had been more fully set forth herein.

33. At the time the Plaintiff was charged with disorderly conduct and resisting arrest, the Defendants had actual knowledge that he had not committed these crimes and initiated a criminal action against him despite such knowledge. Defendants initiated said criminal action with malice against the Plaintiff.

34. As a direct and proximate result of the malicious prosecution by Defendants Annis and Wigginton, the Plaintiff was caused to suffer severe personal and economic injury.

**Count VI**
**(Civil Rights Violation against Defendants Annis and Wigginton Pursuant to Rhode Island State Law and the Rhode Island Constitution)**

35. The Plaintiff repeats and realleges Paragraphs 1 through 34 of the Complaint as if each had been more fully set forth herein.

36. The actions of Defendants Annis and Wigginton were undertaken with the authority of the City of Providence and the Providence Police Department, as part of the policy of Defendant Esserman, and under color of state law.

37. The actions of the Defendants Annis and Wigginton deprived the Plaintiff of his rights, privileges and immunities under state law and the Rhode Island

State Constitution, including without limitation the ability to be free from unlawful search and seizure as guaranteed by Article I, § 6 of the state Constitution. As a direct and proximate result of the unlawful actions of the Defendants, Plaintiff was caused to suffer both personal injury and economic harm.

**Count VII**
**(Assault and Battery against Defendant Annis)**

38. The Plaintiff repeats and realleges Paragraphs 1 through 37 of the Complaint as if each had been more fully set forth herein.

39. The Defendant, Annis, used excessive force, far in excess of any force necessary to effectuate the arrest of the Plaintiff.

40. The actions of the Defendant constituted an assault and battery of the Plaintiff, causing him to sustain severe personal injuries and economic harm.

## D. RELIEF REQUESTED

As a direct and proximate result of the Defendants' civil rights violations and tortious conduct, Plaintiff Franklin Solano seeks the following relief:

A. A declaratory judgment that Defendants, in the manner described herein, violated the civil rights of the Plaintiff;

B. Compensatory damages for Plaintiff's personal injuries, emotional distress, and economic harm;

C. Punitive damages against Defendants Annis and Wigginton for false arrest and malicious prosecution;

D. An award of attorneys' fees pursuant to 42 U.S.C. § 1988; and

E. For such other and further relief as to this Court may seem just and proper.

## E. DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a trial by jury on all counts so triable.

## F. DESIGNATION OF TRIAL COUNSEL

The Plaintiff hereby designates Kevin J. Bristow, Esq. as trial counsel.

Plaintiff
FRANKLIN SOLANO
By his Attorney,

KEVIN J. BRISTOW, ESQ., #3984
505 Turks Head Building
Providence, RI 02903
(401) 521-2800; Fax (401) 521-2812
kjbristowlaw@verizon.net

Dated: March 10, 2008