**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| FRANKLIN SOLANO | : | |
| VS. | : | |
| CITY OF PROVIDENCE, through its Treasurer, Stephen T. Napolitano; | : | C.A. 08-97S |
| PROVIDENCE POLICE DEPARTMENT; DEAN ESSERMAN, as Chief of the Providence | : | |
| Police Department; JAMES ANNIS, individually and in his official capacity; and KENNETH WIGGINTON, | : | |
| individually and in his official capacity | : | |

**ANSWER OF DEFENDANTS, DEAN ESSERMAN**
**AND THE CITY OF PROVIDENCE**

**A. Jurisdiction and Parties**

1. Defendants admit the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint and leave Plaintiff to his proof thereof.

3. Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendants admit that the Providence Police Department is a department of the City of Providence and deny that it is located at One Communications Place.

5. Defendants deny that Defendant Dean Esserman's address is One Communications Plaza. Defendants admit the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint and leave Plaintiff to his proof thereof.

7. Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint and leave Plaintiff to his proof thereof.

8. Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint and leave Plaintiff to his proof thereof.

**B. Factual Background**

9. Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint and leave Plaintiff to his proof thereof.

10. Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint and leave Plaintiff to his proof thereof.

11. Paragraph 11 of Plaintiff's Complaint does not require a response from these Defendants.

12. Paragraph 12 of Plaintiff's Complaint does not require a response from these Defendants.

13. Paragraph 13 of Plaintiff's Complaint does not require a response from these Defendants.

14. Paragraph 14 of Plaintiff's Complaint does not require a response from these Defendants.

15. Paragraph 15 of Plaintiff's Complaint does not require a response from these Defendants.

16. Paragraph 16 of Plaintiff's Complaint does not require a response from these Defendants.

17. Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint and leave Plaintiff to his proof thereof.

18. Defendants admit the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendants admit the allegations contained in Paragraph 19 of Plaintiff's Complaint.

**C. Causes of Action**
**Count I**
**(Civil Rights Violation against Defendant Annis pursuant to 42 U.S.C. § 1983)**

20. Defendant reiterates and incorporates by reference its answers to Paragraphs 1 through 19 of Plaintiff's Complaint as if fully set forth herein.

21. Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendants deny generally and specifically the allegations contained in Paragraph 22 of Plaintiff's Complaint.

**Count II**
**(Civil Rights Violation against Defendants City of Providence, Providence Police Department, and Police Chief Dean Esserman pursuant to 42 U.S.C. § 1983)**

23. Defendant reiterates and incorporates by reference its answers to Paragraphs 1 through 22 of Plaintiff’s Complaint as if fully set forth herein.

24. Defendants neither admit nor deny but are without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendants deny generally and specifically the allegations contained in Paragraph 25 of Plaintiff's Complaint.

**Count III**
**(Civil Rights Violation against Defendants Annis and Wigginton pursuant to 42 U.S.C. § 1985**

26. Defendant reiterates and incorporates by reference its answers to Paragraphs 1 through 25 of Plaintiff’s Complaint as if fully set forth herein.

27. Paragraph 27 of Plaintiff's Complaint does not require a response from these Defendants.

28. Defendants deny generally and specifically the allegations contained in Paragraph 28 of Plaintiff's Complaint.

**Count IV**
**(False Arrest against Defendants Annis and Wigginton)**

29. Defendants reiterate and incorporate by reference its answers to Paragraphs 1 through 28 of Plaintiff’s Complaint as if fully set forth herein.

30. Paragraph 30 of Plaintiff's Complaint does not require a response from these Defendants.

31. Paragraph 31 of Plaintiff's Complaint does not require a response from these Defendants.

**Count V**
**(Malicious Prosecution against Defendants Annis and Wigginton)**

32. Defendants reiterate and incorporate by reference its answers to Paragraphs 1 through 31 of Plaintiff's Complaint as if fully set forth herein.

33. Paragraph 33 of Plaintiff's Complaint does not require a response from these Defendants.

34. Paragraph 34 of Plaintiff's Complaint does not require a response from these Defendants.

**Count VI**
**(Civil Rights Violation against Defendants Annis and Wigginton Pursuant to Rhode Island State Law and the Rhode Island Constitution)**

35. Defendants reiterate and incorporate by reference its answers to Paragraphs 1 through 34 of Plaintiff's Complaint as if fully set forth herein.

36. Paragraph 36 of Plaintiff's Complaint does not require a response from these Defendants.

37. Paragraph 37 of Plaintiff's Complaint does not require a response from these Defendants.

**Count VII**
**(Assault and Battery against Defendant Annis)**

38. Paragraph 38 of Plaintiff's Complaint does not require a response from these Defendants.

39. Paragraph 39 of Plaintiff's Complaint does not require a response from these Defendants.

40. Paragraph 40 of Plaintiff's Complaint does not require a response from these Defendants.

**Affirmative Defenses**

1. That any injury or damage suffered by the Plaintiff was caused solely by reason of the Plaintiff's wrongful acts and conduct.

2. That the actions of the Defendant and/or Defendant's agents in all respects were reasonable, proper and legal.

3. To the extent that the Plaintiff suffered any damages, such damages were caused or contributed to by the Plaintiff's negligence.

4. To the extent that the Plaintiff suffered any damages, the risk of such damages were assumed by the Plaintiff.

5. The Defendant's agents acted, at all times material hereto, in good faith.

6. The Defendant's agents had legal justification for all its actions relative to the Plaintiff.

7. Defendant's liability is limited by R.I.G.L. Section 9-31-3.

8. That the actions of the Defendant were lawful and proper and probable cause existed for the arrest of Plaintiff.

10. The Providence Police Department is not amenable to suit under 42 U.S.C. § 1983.

11. The Providence Police Department is not a legal entity.

12. The City of Providence does not have a policy of using excessive force.

WHEREFORE, Defendants pray that Plaintiff's Complaint be denied and dismissed; that judgment enter for the Defendant and that Defendant be awarded attorneys' fees and costs.

DEFENDANTS,

Dean Esserman and the City of Providence

By their Attorney,
JOSEPH M. FERNANDEZ
City Solicitor

/s/ Kevin F. McHugh
Kevin F. McHugh (#3927)
Senior Assistant City Solicitor
Providence Law Department
275 Westminster Street, Suite 200
Providence, RI 02903
(401) 421-7740, Ext. 333
(401) 35 1-7596 (Fax)
kmchugh1950@hotmail.com

Certificate of Service

I hereby certify that on this 22nd day of July, 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

Kevin J. Bristow, Esq.
505 Turks Head Building
Providence, RI 02903
kjbristowlaw@verizon.net

Michael J. Colucci, Esquire
Olenn & Penza, LLP
530 Greenwich Avenue
Warwick, Rhode Island 02886
mjc@olenn-penza.com

/s/ Kevin F. McHugh