**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| FRANKLIN SOLANO<br>Plaintiff<br>v.<br><br>CITY OF PROVIDENCE, et als.<br>Defendants | :<br>:<br>:<br>:<br>:<br>: | <br><br><br>**C.A. No. 08-97S** |

# PLAINTIFF'S RULE 16 STATEMENT

Now comes the Plaintiff, Franklin Solano, by and through his attorney, Kevin J. Bristow, Esq., and hereby submits his Rule 16 Statement as ordered by this Court in its Notice of July 25, 2008.

## BACKGROUND

At approximately 2:00 a.m. March 19, 2005, Plaintiff Franklin Solano, accompanied by his wife and a family friend, ordered fast food from a chimi truck on Broad Street in the City of Providence. While Mr. Solano was waiting to be served, a group of Providence police officers, including Defendants Annis and Wigginton, approached the area where Mr. Solano was standing. The officers were apparently under orders to disperse persons who were patronizing the chimi trucks after 2:00 a.m. Defendant Annis came toward the chimi truck and loudly and sternly ordered everyone away from the truck. Mr. Solano advised that they were ordering food. Officer Annis persisted in shouting for everyone to move on, and Mr. Solano and his party complied. As Solano walked away, he remarked to his wife that the officer was "acting like an asshole". Annis overheard the remark and demanded that Solano repeat what he had said to his wife. Solano remained silent and continued to move away as originally directed.

As Solano walked down the street with his wife, Officer Annis, without cause or provocation, and with Officer Wigginton standing close by, pushed Solano from the back and forced him against a nearby parked car. He thereafter began a search of Solano's person and grabbed Solano's hands, pulling his arm high behind his back. Officer Annis then threw Solano to the ground facedown, causing injury to the Plaintiff's face. Officer Annis thereafter sprayed Solano with pepper spray, despite the fact that Solano was already immobile on the ground. Officer Wigginton failed to intervene despite his knowledge that Solano had done nothing to provoke the actions of Officer Annis.

Solano was placed under arrest for disorderly conduct and resisting arrest and was brought to the Providence Police Station. Despite his request for medical treatment, Annis did nothing to obtain such treatment for the injuries he inflicted and Solano was forced to spend the night at the police station.

After his release from custody on March 19, 2005, Solano sought medical treatment at the Rhode Island Hospital Emergency Department, where he was diagnosed with a contusion of his arm. He was also suffered a cervical strain, as well as injury to his face. Solano was unable to attend work for a period of several weeks following the injury inflicted by Officer Annis.

In August 2005, following a bench trial in the Sixth Division District Court, Solano was found not guilty of either of the charges. He notified the City of Providence of his claim in April 2006 and now brings this action for damages.

**ELEMENTS OF CLAIMS**

To prevail on his claims against the Defendants, the Plaintiff must show the following:

**Count I – Civil Rights Violation against Defendant Annis pursuant to 42 U.S.C. § 1983**

To establish his claim against Annis on this count, the Plaintiff must show that Officer Annis acted under color of state law, that Plaintiff was deprived of federally protected rights, privileges or immunities, and that the Defendant's conduct was causally connected to the Plaintiff's deprivation.

**Count II – Civil Rights Violation against Defendants City of Providence, Providence Police Department and Police Chief Dean Esserman pursuant to 42 U.S.C. § 1983.**

To establish his claims against the City of Providence and Chief Dean Esserman, the Plaintiff must show that Officers Annis and/or Wigginton acted pursuant to a policy or custom of the municipality. Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 691 (1978); Young v. City of Providence, 404 F.3d 4, 25 (1st. Cir. 2005).

**Count III – Civil Rights Violation against Defendants Annis and Wigginton pursuant to 42 U.S.C. § 1985.**

To establish his claim against Defendants Annis and Wigginton on this count, the Plaintiff must establish that the Defendants conspired to deprive the Plaintiff of his rights to equal protection under the laws. 42 U.S.C. § 1985.

**Count IV – False Arrest against Defendants Annis and Wigginton**

To establish his claim against Annis and Wigginton on this count, the Plaintiff must show that the Defendants restrained the Plaintiff without legal justification and without color of legal authority. Henshaw v. Doherty, 881 A.2d 909 (RI 2005), citing Mailey v. Estate of DePasquale, 94 R.I. 31, 177 A.2d 376 (1962).

**Count V – Malicious Prosecution against Defendants Annis and Wigginton**

To establish his claim against Annis and Wigginton on this count, the Plaintiff must show that 1) the Defendants initiated a criminal proceeding against the Plaintiff; 2)

the termination of the criminal proceeding in the Plaintiff's favor; 3) a lack of probable cause on the Defendants' part when they initiated the criminal proceeding; and 4) the existence of malice on the part of the Defendants. Henshaw v. Doherty, 881 A.2d 909, 915 (RI 2005).

**Count VI – Civil Rights Violation against Defendants Annis and Wigginton pursuant to Rhode Island State Law and the Rhode Island Constitution.**

To establish liability against Defendants Annis and Wigginton for civil rights violations pursuant to Rhode Island State Law and the Rhode Island Constitution, the Plaintiff must show essentially the same elements as to show a civil rights violation under 42 U.S.C. § 1983.

**Count VII – Assault and Battery against Defendant Annis**

To establish liability against Defendant Annis for assault and battery, the Plaintiff must show that Defendant undertook a physical act of a threatening nature and that said act placed Plaintiff in reasonable fear of imminent bodily harm. Picard v. Barry Pontiac-Buick, Inc. 654 A.2d 690 (R.I. 1995) (assault). To prove a battery, Plaintiff must show that the Defendant made an offensive contact with Plaintiff's body. Id.

Plaintiff
FRANKLIN SOLANO
By his Attorney,

/s/ Kevin J. Bristow

KEVIN J. BRISTOW, ESQ., #3984
505 Turks Head Building
Providence, RI 02903
(401) 521-2800; Fax (401) 521-2812
kjbristowlaw@verizon.net

**Certification**

I hereby certify that on this 1st day of August, 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon the following:

Kevin F. McHugh, Esq., Sr. Assistant City Solicitor
kmchugh1950@hotmail.com

Michael J. Colucci, Esq.
mjc@olenn-penza.com

_____/s/ Kevin J. Bristow_____